1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAWN EDWARD COOKS,                          No.  2:20-cv-1780 KJN P

12                    Plaintiff,

13          v.                                      ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS
14    STATE OF CALIFORNIA
      DEPARTMENT OF CORRECTIONS
15    AND REHABILITATION, et al.,

16                    Defendants.

17    _____

18          Plaintiff is a state prisoner, proceeding through counsel.  Defendant State of California, by

19    and through the California Department of Corrections and Rehabilitation ("CDCR"), moves for

20    judgment on the pleadings as to all four causes of action alleged against the CDCR.  Plaintiff filed

21    an opposition, and defendant CDCR filed a reply.  As set forth below, it is recommended that the

22    motion be partially granted.

23    I.  Plaintiff's Complaint

24          On January 26, 2018, plaintiff broke his leg; defendant Dr. Lameer performed surgery,

25    inserting a metal plate and five screws ("the hardware").  Although the bone healed, plaintiff

26    continued to suffer extreme pain; on March 19, 2019, Dr. Lameer surgically removed the

27    hardware without first obtaining an MRI.  About three hours post-surgery, plaintiff's leg began

28    bleeding profusely and he was rushed to the emergency room.  Plaintiff lost about three pints of

                                                   1

blood before the bleeding subsided and he was returned to his prison cell.  From March 19, 2019, to April 2, 2019, plaintiff's leg continued bleeding, he remained in extreme pain, and was denied emergency care by correctional officers.  On April 2, 2019, plaintiff was returned to Dr. Lameer to have the staples removed.  However, due to the continued bleeding, plaintiff's skin on his leg had softened, rendering the staples ineffective; two staples had ripped through the soft tissue, resulting in a gaping hole in his leg down to the bone ("hole").  Dr. Lameer ordered emergency surgery, which was performed on April 5, 2019.  Post-surgery, plaintiff was housed at the prison infirmary for seven weeks and given IV antibiotics.  During such housing, defendants failed to comply with Dr. Lameer's orders to change the sponge in the hole every three days, but rather the sponge and wound dressing were not changed in over ten days.  On April 15, 2019, plaintiff saw Dr. Lameer, who forced the removal of the fetid sponge, without sedation, but Dr. Lameer was only able to remove 80% of the sponge, which had fused to plaintiff's flesh and bone, requiring additional surgery.  Surgery was not performed until April 17, 2019.  Dr. Lameer ordered a total of five surgeries on plaintiff within a thirty-three day period.  Subsequently, plaintiff was provided an MRI, revealing a completely-severed meniscus which caused the meniscus and knee socket to become degenerative.  Further surgery will be required to correct the damage to his leg and knee, including but not limited to a prosthetic knee.

Plaintiff now suffers from PTSD and was prescribed medication for depression and sleep disorder.

In addition to 50 Doe defendants, plaintiff names Dr. Lameer and the CDCR as defendants.  Plaintiff pleads four causes of action:  (1) general negligence and medical malpractice, citing California Government Code §§ 815.2 and 820(a); (2) public entity negligence and medical malpractice under California Evidence Code § 669; (3) deprivation of plaintiff's federal civil rights in violation of 42 U.S.C. § 1983; and (4) violation of the Eighth Amendment; plaintiff contends that the CDCR knew, or should have known, that the medical practice of Dr. Lameer was substandard and so deficient that the continued use of Dr. Lameer's services was the moving force in violating plaintiff's constitutional rights.

////

1  II.  Legal Standards:  Motion for Judgment on the Pleadings

2        Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted

3  when, accepting as true all material allegations contained in the nonmoving party's pleadings, the

4  moving party is entitled to judgment as a matter of law.  Chavez v United States, 683 F.3d 1102,

5  1108 (9th Cir. 2012).  The applicable standard is essentially identical to the standard for a motion

6  to dismiss under Rule 12(b)(6).  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.,

7  637 F.3d 1047, 1055 n.4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded

8  facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  See

9  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

10        A motion for judgment on the pleadings should be granted "when there is no issue of

11  material fact in dispute, and the moving party is entitled to judgment as a matter of law."

12  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

13  III.  Defendant CDCR's Motion

14        Defendant CDCR contends that the first cause of action is not viable because plaintiff

15  failed to comply with the California Government Claims Act, filed this action beyond the statute

16  of limitations, and failed to submit an application to file a late claim.  In addition, there is no state

17  entity liability arising from injury to a prison inmate like plaintiff.

18        Defendant argues that the second cause of action fails to state a statutory cause of action.

19        As to the third and fourth causes of action, alleging liability under 42 U.S.C. § 1983 and

20  the Eighth Amendment, such claims are not viable against state entities.

21        Therefore, defendant CDCR contends that it is entitled to judgment on the pleadings as to

22  all four causes of action.

23  IV.  First Cause of Action[1]

24        Plaintiff's first cause of action is based on general negligence and medical malpractice,

25  citing California Government Code §§ 815.2 and 820(a).  Under § 820 of the California

26  _____

27  [1]  The undersigned finds it inappropriate to address defendant's timeliness arguments as to
    plaintiff's compliance with the California Government Claims Act or the statute of limitations
    because it requires evaluation of Board of Control documents not provided with the complaint

28  and therefore such issues are more appropriately addressed on summary judgment.

3

Government Code, "a public employee is liable for injury caused by his act or omission to the same extent as a private person."  Cal. Gov't Code § 820(a).  Under § 815.2 of the California Government Code, "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment."  Cal. Gov't Code § 815.2(a).

California Government Code § 844.6 makes public entities immune from liability for an injury to "any prisoner."  Id.  See Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1069 (2013); Resendiz v. Cty. of Monterey, 2015 WL 3988495, at *6 (N.D. Cal. June 30, 2015). "[S]overeign immunity is the rule in California; governmental liability is limited to exceptions specifically set forth by statute."  Cochran v. Herzog Engraving Co., 155 Cal. App. 3d 405, 205 Cal. Rptr. 1 (1984).

As defendant contends, the CDCR is a public entity that cannot be liable for injuries sustained by a prisoner.  Cal. Govt. Code § 844.6, subd. (a) ("Notwithstanding any other provision of this part, except as provided in this section and in sections 814, 814.2, 845.1, and 845.6, or in Title 2.1 (commencing with section 3500) of Part 3 of the Penal Code, a public entity is not liable for . . . (2) An injury to any prisoner.")  "Prisoner" is defined as "an inmate of a prison, jail or penal or correctional facility."  Cal. Gov't Code § 844.  Id.  Plaintiff does not dispute that at the time of the incidents alleged herein, he was a prisoner in the custody of the CDCR, or that defendant CDCR properly defined plaintiff's status as a prisoner.  "Although a public entity may be vicariously liable for the acts and omissions of its employees (Gov. Code, § 815.2), that rule does not apply in the case of injuries to prisoners."  Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1383 (2010) (discussing interplay of immunities in claims brought pursuant to §§ 815.2, 844.6 and 845.6); see also Neuroth v. Mendocino Cty., 2016 WL 379806, at *5 (N.D. Cal. Jan. 29, 2016) (dismissing state law claims against county without leave to amend, finding it immune under § 844.6).

Plaintiff argues that nothing in § 844.6 exonerates a public employee who is lawfully engaged in the practice of one of the healing arts from liability for injury proximately caused by malpractice, or exonerates the public entity from its obligation to pay any judgment, compromise,

or settlement.  (ECF No. 22 at 19-20.)  However, as pointed out by defendant, while the CDCR

would be required to pay any judgment, compromise or settlement, § 844.6 only confirms that

public *employees* are not exonerated from liability under § 844.6.  Id. (emphasis added).  Thus,

while Dr. Lameer or other prison staff are not immune from liability under § 844.6, the CDCR, a

public entity, is immune from liability for an injury to "any prisoner," including plaintiff.

Therefore, absent a statutory exception, plaintiff's first and second causes of action against the

CDCR, a public entity, fail because the CDCR is immune from liability under California

Government Code § 844.6.

As noted above, there are statutory exceptions to § 844.6, one of which is failure to

summon medical care under California Government Code § 845.6.  Plaintiff did not address

either § 844.6 or § 845.6 in his complaint.  In his opposition, plaintiff now contends that the

CDCR is subject to liability under the exception for failure to summon medical care.  Defendant

counters that because plaintiff failed to plead causes of action under California Code §§ 844.6 and

845.6 or include facts supporting such causes of action in the complaint, such new causes of

action are now barred by the statute of limitations.  (ECF No. 23 at 9.)

Public entities and public employees are liable for injuries proximately caused to prisoners

where:  (1) "the employee is acting within the scope of his [or her] employment," (2) "the

employee knows or has reason to know that the prisoner is in need of immediate medical care,"

and (3) "he [or she] fails to take reasonable action to summon such medical care."  Cal. Govt.

Code § 845.6.  Liability is limited to the failure to summon care for "serious and obvious medical

conditions requiring immediate care" of which the defendant has "actual or constructive

knowledge."  Watson v. State of California, 21 Cal. App. 4th 836, 841, 26 Cal. Rptr. 2d 262

(1993).  California courts have held that failure to provide necessary medication or treatment

cannot be characterized as a failure to summon medical care claim.  Nelson v. State of California,

139 Cal.App.3d 72, 81, 188 Cal. Rptr. 479 (1982).  In addition, the duty to summon immediate

medical care pursuant to § 845.6 does not encompass a duty to assure that medical staff properly

diagnose and treat the condition or a duty to monitor the quality of care provided.  Watson, 21

Cal. App. 4th at 841-843.

Here, plaintiff makes no allegation that he needed immediate care on a specific occasion or that any CDCR employee failed to summon care for an immediate medical need.  Rather, plaintiff now claims that there was a "failure to take reasonable action to prevent the pain and suffering of plaintiff."  (ECF No. 22 at 19.)  Plaintiff states that he "suffered, begged, and attempted to utilize proper administrative channels for medical aid," but it wasn't until he received the MRI and assistance from doctors other than Dr. Lameer that "the injury and extent of damage was causing a failure to heal."  (ECF No. 22 at 19.)  Plaintiff fails to set forth specific facts demonstrating that a CDCR employee knew or had reason to know that plaintiff was in need of immediate medical care yet failed to summon care such that § 845.6 would apply.  Rather, plaintiff concedes that it was not until he received an MRI that such injury was discovered, apparently referring to the previously-undiagnosed severed meniscus.  Plaintiff's allegations support a claim for medical malpractice, but fail to identify "serious and obvious medical conditions requiring immediate care" of which a particular CDCR employee had "actual or constructive knowledge."  Watson, 21 Cal. App. 4th at 841.  Plaintiff cites no legal authority suggesting that his allegations would meet the narrow exception of California Government Code § 845.6.  Therefore, given the limited nature of this exception, the Court finds § 845.6 does not apply based on the allegations set forth in plaintiff's original complaint or his opposition.

That said, the undersigned observes that plaintiff has named Doe defendants.  Therefore, it is unclear whether plaintiff may be able to adduce facts or evidence through discovery that would support a claim under § 845.6.  Thus, the dismissal of plaintiff's first claim is without prejudice to plaintiff seeking leave to amend should plaintiff be able to allege facts or adduce evidence against a specific CDCR employee that would meet the narrow exception under California Government Code § 845.6.

V. Plaintiff's Second Cause of Action

Plaintiff's second cause of action alleges "public entity negligence -- medical malpractice," but relies on California Evidence Code § 669.  (ECF No. 1 at 12.)  Plaintiff appears to claim that § 669 imposes liability under a negligence per se standard.

////

6

1        "Negligence per se is an evidentiary presumption of liability that arises if a defendant is

2 shown to have 'violated a statute, ordinance, or regulation of a public entity.'" <u>Steel v. Alameda</u>

3 <u>Cnty. Sheriff's Off.</u>, 428 F. Supp. 3d 235, 245 (N.D. Cal. 2019), citing Cal. Evid. Code § 669.[2]

4 In California, negligence per se is "a presumption of negligence [that] arises from the violation of

5 a statute which was enacted to protect a class of persons of which the plaintiff is a member

6 against the type of harm which the plaintiff suffered as a result of the violation of the statute."

7 <u>People of California v. Kinder Morgan Energy Partners, L.P.</u>, 569 F.Supp.2d 1073, 1087 (S.D.

8 Cal. 2008) (citing cases).  Negligence per se "is merely an evidentiary doctrine and not an

9 independent cause of action." <u>Id.</u> (clarifying that negligence per se is simply a codified

10 evidentiary doctrine that does not establish tort liability).  However, the facts giving rise to a

11 negligence claim -- not a violation of the statute or regulation itself -- are what entitle a plaintiff

12 to recover civil damages for negligence per se.  <u>Spencer v. DHI Mortg. Co., Ltd.</u>, 642 F.Supp.2d

13 1153, 1161-62 (E.D. Cal. June 30, 2009) ("The negligence per se doctrine assists as evidence to

14 prove negligence. . . .  In such circumstances the plaintiff is not attempting to pursue a private

15 cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying

16 upon the violation of a statute, ordinance, or regulation to establish part of that cause of action."

17 (citations and internal quotation marks omitted).)

18        Plaintiff has pleaded sufficient facts to support his claim for medical malpractice.  But

19 while the allegations supporting that underlying negligence claim might support civil damages for

20

---

21 [2]  Section 669 provides as follows:  "(a) The failure of a person to exercise due care is presumed
if:  (1) He violated a statute, ordinance, or regulation of a public entity; (2) The violation

22 proximately caused death or injury to person or property; (3) The death or injury resulted from an
occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and

23 (4) The person suffering the death or the injury to his person or property was one of the class of
persons for whose protection the statute, ordinance, or regulation was adopted.  [¶]  (b) This

24 presumption may be rebutted by proof that:  (1) The person violating the statute, ordinance, or
regulation did what might reasonably be expected of a person of ordinary prudence, acting under

25 similar circumstances, who desired to comply with the law; or (2) The person violating the
statute, ordinance, or regulation was a child and exercised the degree of care ordinarily exercised

26 by persons of his maturity, intelligence, and capacity under similar circumstances, but the
presumption may not be rebutted by such proof if the violation occurred in the course of an

27 activity normally engaged in only by adults and requiring adult qualifications."  Cal. Evid. Code
§ 669.

28

1   "negligence per se," "negligence per se" is not an independent cause of action.  See Spencer, 642

2   F.Supp.2d at 1161-62.

3          In opposition, plaintiff contends that his second cause of action based on "public entity

4   negligence -- medical malpractice" is viable under a theory of vicarious liability, citing California

5   Government Code §§ 815.2, 815.4, and 815.6.  Plaintiff argues that unless the responsible

6   employee is entitled to immunity, the public entity is also vicariously liable.  (ECF No. 22 at 20.)

7   In addition, plaintiff contends that where a public entity is under a mandatory duty imposed by an

8   enactment designed to protect against the risk of a particular injury, the public entity is liable for

9   injury of that kind proximately caused by his failure to discharge the duty, citing California

10  Government Code § 815.6.  (ECF No. 22 at 20-21.)  Plaintiff argues that a reasonable doctor has

11  a mandatory duty to properly evaluate what caused the failure to heal and the attendant

12  excruciating pain suffered by plaintiff.

13         However, "[p]ublic entities in California are not liable for tortious injury unless liability is

14  imposed by statute.  (§ 815.)."  Castaneda, 212 Cal. App. 4th at 1069; Becerra v. County of Santa

15  Cruz, 68 Cal.App.4th 1450, 1457, 81 Cal.Rptr.2d 165 (1998).  Plaintiff identifies no statutory

16  liability, but rather relies on a general negligence standard.  As stated above, California Evidence

17  Code § 669 does not establish an independent cause of action.  Moreover, "[a]lthough a public

18  entity may be vicariously liable for the acts and omissions of its employees, that rule does *not*

19  apply in the case of injuries to prisoners."  Lawson v. Superior Court, 180 Cal. App. 4th 1372,

20  1383 (2020).  "It is clear that the State is not vicariously liable for the medical malpractice of its

21  employees. . . .  Although the State is required to pay the judgment assessed against its employees

22  for medical malpractice committed against a prisoner, the State is immune from suit directly."

23  Flores v. Natividad Medical Center, 192 Cal. App. 3d 1106, 1115, 238 Cal. Rptr. 24  (1987)

24  (citations omitted).

25         The undersigned finds that plaintiff's second cause of action fails to state a cause of action

26  against defendant CDCR, which is entitled to judgment on the pleadings.

27  ////

28  ////

8

1    VI. <u>Third & Fourth Causes of Action</u>

2        As to causes of action three and four, alleging violations of 42 U.S.C. § 1983 and the

3 Eighth Amendment, plaintiff named the CDCR as one of the defendants.

4        The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties

5 against a state or state agency unless the state or the agency consents to such suit. <u>See</u> <u>Quern v.</u>

6 <u>Jordan</u>, 440 U.S. 332 (1979); <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)( per curiam); <u>Jackson v.</u>

7 <u>Hayakawa</u>, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

8        In both his complaint and his opposition, plaintiff concedes that the CDCR is a public

9 entity. (ECF No. 1 at 4; 22 at 6.) In his opposition, plaintiff does not address the issue of

10 sovereign immunity. Rather, plaintiff misapprehends defendant CDCR's arguments, claiming

11 that the CDCR "asserts the doctrine of qualified immunity protect government officials from

12 liability." (ECF No. 22 at 21:17-18.) In the instant case, the State of California has not consented

13 to suit. Accordingly, plaintiff's claims against the CDCR in causes of action three and four are

14 frivolous and must be dismissed.[3]

15    VII. <u>Leave to Amend</u>

16        Because the complaint must be dismissed as to CDCR, the court now addresses whether to

17 grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

18 "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule

19 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." <u>Lopez v.</u>

20 <u>Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (alterations and internal quotation marks

21 omitted). When dismissing a complaint for failure to state a claim, " 'a district court should grant

22 leave to amend even if no request to amend the pleading was made, unless it determines that the

23 pleading could not possibly be cured by the allegation of other facts." <u>Id.</u> at 1130 (internal

24 quotation marks omitted). Accordingly, leave to amend generally shall be denied only if allowing

---

25    [3] In its reply, the CDCR claims that plaintiff appeared to make a vicarious liability argument with

26 respect to the third and fourth causes of action. However, the undersigned does not find that plaintiff made such argument and notes that plaintiff clearly addressed a theory of vicarious

27 liability in connection with the second cause of action. (ECF No. 22 at 20.) If plaintiff intended to raise such theory in connection with his third and fourth causes of action he would have

28 included such language and provided legal authorities in support, but did not do so.

amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith.  <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008).

Here, plaintiff cannot amend the complaint to state a federal civil rights claim against the CDCR because of sovereign immunity, and plaintiff cannot amend his second cause of action as to the CDCR based on California Evidence Code § 669.  Finally, the CDCR is immune from tort liability including plaintiff's medical malpractice claims, as alleged in the original complaint. However, in an abundance of caution, the dismissal of plaintiff's first claim should be without prejudice to plaintiff seeking leave to amend should plaintiff be able to allege facts or adduce evidence against a specific CDCR employee that would meet the narrow exception under California Government Code § 845.6, as discussed above.[4]

VIII.  <u>Conclusion</u>

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Defendant CDCR's motion for judgment on the pleadings (ECF No. 20) be partially granted;

2.  Plaintiff's second, third and fourth causes of action as to defendant CDCR be dismissed with prejudice; and

3.  Plaintiff's first cause of action as to defendant CDCR be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[4]  By these findings and recommendations, the undersigned makes no findings or representations that such putative state law claim would not be subject to dismissal as untimely.  Thus, in addition to carefully reviewing the facts and evidence to determine whether plaintiff can meet the narrow exception provided in § 845.6, plaintiff should consider the issue of timeliness before seeking leave to amend.

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 10, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cook1780.jop

11