1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    SHAWN EDWARD COOKS,                    No.  2:20-cv-1780 DAD KJN P

12              Plaintiff,

13         v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14    STATE OF CALIFORNIA
      DEPARTMENT OF CORRECTIONS
15    AND REHABILITATION, et al.,

16              Defendants.

17

18         Plaintiff is a state prisoner, proceeding through counsel.  This action proceeds on

19    plaintiff's Eighth Amendment and state law claims against defendant Dr. Lameer.  Plaintiff's

20    fully briefed motion to amend and supplement his complaint as to the California Department of

21    Corrections and Rehabilitation ("CDCR") is before the court.  As set forth below, plaintiff's

22    motion to amend and supplement the complaint under Rule 15(d) of the Federal Rules of Civil

23    Procedure should be denied.

24    Background

25         On September 3, 2020, counsel filed this action on behalf of plaintiff.  Plaintiff's original

26    complaint alleges as follows:

27              On January 26, 2018, plaintiff broke his leg; defendant Dr. Lameer
               performed surgery, inserting a metal plate and five screws ("the
28             hardware").  Although the bone healed, plaintiff continued to suffer

                                             1

extreme pain; on March 19, 2019, Dr. Lameer surgically removed the hardware without first obtaining an MRI.  About three hours post-surgery, plaintiff's leg began bleeding profusely and he was rushed to the emergency room.  Plaintiff lost about three pints of blood before the bleeding subsided and he was returned to his prison cell.  From March 19, 2019, to April 2, 2019, plaintiff's leg continued bleeding, he remained in extreme pain, and was denied emergency care by correctional officers.  On April 2, 2019, plaintiff was returned to Dr. Lameer to have the staples removed.  However, due to the continued bleeding, plaintiff's skin on his leg had softened, rendering the staples ineffective; two staples had ripped through the soft tissue, resulting in a gaping hole in his leg down to the bone ("hole").  Dr. Lameer ordered emergency surgery, which was performed on April 5, 2019.  Post-surgery, plaintiff was housed at the prison infirmary for seven weeks and given IV antibiotics.  During such housing, defendants failed to comply with Dr. Lameer's orders to change the sponge in the hole every three days, but rather the sponge and wound dressing were not changed in over ten days.  On April 15, 2019, plaintiff saw Dr. Lameer, who forced the removal of the fetid sponge, without sedation, but Dr. Lameer was only able to remove 80% of the sponge, which had fused to plaintiff's flesh and bone, requiring additional surgery.  Surgery was not performed until April 17, 2019.  Dr. Lameer ordered a total of five surgeries on plaintiff within a thirty-three day period.  Subsequently, plaintiff was provided an MRI, revealing a completely-severed meniscus which caused the meniscus and knee socket to become degenerative.  Further surgery will be required to correct the damage to his leg and knee, including but not limited to a prosthetic knee.

Plaintiff now suffers from PTSD and was prescribed medication for depression and sleep disorder.

(ECF No. 28 at 1-2, citing ECF No. 1.)

The undersigned screened the complaint and found that plaintiff stated potentially cognizable Eighth Amendment and state law claims against defendants CDCR and Dr. Mohamed Z. Lameer.  (ECF No. 4.)  Defendant CDCR filed an answer on June 28, 2021, and was excused from the court's ADR project on November 18, 2021.  Defendant Dr. Lameer filed an answer on December 1, 2021.

On January 5, 2022, defendant CDCR filed a motion for judgment on the pleadings.  On June 10, 2022, it was recommended that defendant's motion for judgment on the pleadings be partially granted, and that plaintiff be granted leave to amend as to his first cause of action.  (ECF No. 28.)  In the findings and recommendations, the undersigned addressed the issue of amendment:

////

2

> Here, plaintiff cannot amend the complaint to state a federal civil rights claim against the CDCR because of sovereign immunity, and plaintiff cannot amend his second cause of action as to the CDCR based on California Evidence Code § 669. Finally, the CDCR is immune from tort liability including plaintiff's medical malpractice claims, as alleged in the original complaint.  However, in an abundance of caution, the dismissal of plaintiff's first claim should be without prejudice to plaintiff seeking leave to amend should plaintiff be able to allege facts or adduce evidence <u>against a specific CDCR employee</u> that would meet the narrow exception under California Government Code § 845.6, as discussed above.[FN4]
>
> [FN4:  By these findings and recommendations, the undersigned makes no findings or representations that such putative state law claim would not be subject to dismissal as untimely. Thus, in addition to carefully reviewing the facts and evidence to determine whether plaintiff can meet the narrow exception provided in § 845.6, plaintiff should consider the issue of timeliness before seeking leave to amend.]

(ECF No. 28 at 10.) (emphasis added)

Plaintiff did not file objections.  On September 7, 2022, the district court adopted the findings and recommendations in full; as to defendant CDCR, plaintiff's first cause of action was dismissed without prejudice, and plaintiff's second, third and fourth causes of action were dismissed with prejudice.  (ECF No. 30.)

On April 26, 2022, CDCR served on all parties plaintiff's medical records in CDCR's possession.  (ECF No. 32-1 at 2.)  Plaintiff was deposed on May 20, 2022, or May 22, 2022. (ECF Nos. 26 at 2 ("completed on May 20, 2022"); 32-1 at 2 (took plaintiff's deposition on May 22, 2022).)  Following modifications of the discovery and scheduling order, discovery closed on September 15, 2022.[1]  (ECF No. 27.)  The most recent modification of the discovery and scheduling order was based on the parties' stipulation that "more time was required to take the depositions of previous undisclosed witnesses identified by plaintiff at his deposition."  (ECF No. 26 at 2.)  Defendant CDCR avers that plaintiff noticed no other depositions upon completion of plaintiff's deposition or at any other time, and once CDCR was dismissed, "no additional discovery was sought or completed by either party."  (ECF No. 32-1 at 2, 3.)

---

[1]  Contrary to the declaration claiming discovery closed on June 15, 2022, the declarant signed the stipulation seeking an extension of the discovery deadline to September 15, 2022 (ECF No. 26 at 3), which was granted on June 9, 2022 (ECF No. 27).

1      On July 8, 2022, counsel for plaintiff emailed counsel for the CDCR, provided a proposed

2   amended complaint, and asked whether CDCR counsel would oppose.  (ECF No. 32-1 at 8-29.)

3   On August 15, 2022, counsel for defendant CDCR responded, offering to stipulate to further

4   extensions of the discovery and pretrial motions deadline, and evaluating the proposed amended

5   complaint.  (ECF No. 32-1 at 33.)  Aside from reiterating that the second, third and fourth causes

6   of action were dismissed with prejudice as to the CDCR, and that plaintiff was granted leave to

7   amend on very narrow grounds, counsel noted that the court determined that a California state

8   entity is immune from a direct suit for malpractice.  (ECF No. 32-1 at 33-34, citing ECF No. 28 at

9   3-5; 6; 7-8; 9.)

10     On December 8, 2022, plaintiff filed a motion styled, "Motion for Leave to Amend and

11  Supplement Complaint," along with his proposed amended complaint.  (ECF No. 31) (citing Fed.

12  R. Civ. P. 15 and Local Rule 220).  Defendant CDCR filed an opposition to the motion and

13  provided a declaration by counsel.  (ECF Nos. 32, 32-1.)  Plaintiff filed a reply.  (ECF No. 33.)

14  Governing Legal Standards

15     Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

16
17              On motion and reasonable notice, the court may, on just terms,
            permit a party to serve a supplemental pleading setting out any
            transaction, occurrence, or event that happened after the date of the
18          pleading to be supplemented. The court may permit supplementation
            even though the original pleading is defective in stating a claim or
            defense.  The court may order that the opposing party plead to the
19          supplemental pleading within a specified time.

20  Fed. R. Civ. P. 15(d) (emphasis added).  "Rule 15(d) provides a mechanism for parties to file

21  additional causes of action based on facts that didn't exist when the original complaint was filed."

22  Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) (citing Cabrera v. City of

23  Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (per curiam).).  "New claims, parties, and

24  allegations regarding events that occurred after the original complaint are properly raised in a

25  Rule 15(d) motion."  Rovai v. Select Portfolio Servicing, Inc., 2019 WL 1779586, at *3 (S.D.

26  Cal. Apr. 23, 2019); accord Lyon v. U.S. Immigr. & Customs Enf't, 308 F.R.D. 203, 214 (N.D.

27  Cal. 2015).  "Yet, '[s]ome relationship must exist between the newly alleged matters and the

28  ////

4

1   subject of the original action' in order for a party to rely on Rule 15(d)." Rovai, 2019 WL

2   1779586, at *3 (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988)).

3         "In deciding whether to permit a supplemental pleading, a court's focus is on judicial

4   efficiency." Doe v. Butte County Probation Dep't, 2022 WL 705616 (E.D. Cal. March 9, 2022)

5   (quoting Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013).  The use of supplemental

6   pleadings is "favored" because it permits a court to award complete relief "in one action to avoid

7   the cost, delay and waste of separate actions which must be separately tried and prosecuted."

8   Keith, 858 F.2d at 473 (quoting New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir.

9   1963), cert. denied, 367 U.S. 963 (1964)); Yates, 299 F.R.D. at 613 (citation omitted)).  However,

10  even though supplemental proceedings are "favored," they "cannot be used to introduce a

11  separate, distinct, and new cause of action."  Id. (citing Neely, 130 F.3d at 402 (citations

12  omitted)).  Rather, matters newly alleged in a supplemental complaint must have "some relation

13  to the claims set forth in the original pleading." Id. (quoting Keith, 858 F.2d at 474).

14        "The legal standard for granting or denying a motion to supplement under Rule 15(d) is

15  the same as the standard for granting or denying a motion under Rule 15(a)." Yates, 299 F.R.D.

16  at 614.  Typically, courts apply the five Foman factors to Rule 15(d) motions:  (1) undue delay;

17  (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous

18  amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  Id.

19  (citing Lyon, 308 F.R.D. at 214 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Factors such

20  as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental

21  pleading.  Keith, 858 F.2d at 474-75.

22  Plaintiff's Proposed Amended Complaint

23        In his proposed amendment, plaintiff raises a single cause of action for general negligence

24  – medical malpractice, citing Government Code sections 815.2 and 820, subd. (a), asserting only

25  negligence claims solely arising under California state law, naming as defendants the CDCR and

26  Dr. Lameer.  Plaintiff alleges the CDCR failed to perform mandatory duties of changing the

27  wound dressing and did not remove the wound dressing as ordered by Dr. Lameer that resulted in

28  permanent physical disabilities of plaintiff by medical malpractice by agents of CDCR and Dr.

5

1    Lameer.  (ECF No. 31-1 at 3 ¶ 1.)  The cause of action as to the CDCR alleges that CDCR

2    "fail[ed] to abide by a reasonable standard of medical care . . . violat[ing] that standard of care."

3    (ECF No. 31-1 at 24 ¶131.)  The gravamen of the amended complaint, as explained by plaintiff in

4    his reply, is that the CDCR did not follow the medical instructions of Dr. Lameer, failing to

5    remove the infected bandage as instructed and allowing an infection to develop, resulting in

6    permanent injury to plaintiff.  (ECF No. 33 at 2.)

7    The Parties' Positions

8            Plaintiff's Motion

9            Plaintiff seeks to amend and supplement his complaint in order to remedy the claim

10   against defendant CDCR for general negligence – medical malpractice.  (ECF No. 31 at 4.)

11   Plaintiff contends that the new facts that relate to the original complaint, set forth in claim number

12   one (ECF No. 31-1 at 24-28) came to light during plaintiff's May 20, 2022 deposition.  (ECF No.

13   31 at 4.)  Further, plaintiff argues that the CDCR is an indispensable party based on such new

14   facts.  (ECF No. 31 at 2.)  Plaintiff's counsel claims that plaintiff's deposition gave rise to new

15   facts that were unknown at the time the original complaint was filed, and that the cause of action

16   for malpractice continued, as did plaintiff's efforts to obtain administrative remedies, through

17   April 2, 2020.  (ECF No. 31 at 2-3.)  Specifically, plaintiff claims that the specific medical

18   treatment ordered by defendant Dr. Lameer was over-written by defendant CDCR but was not

19   discovered until plaintiff's deposition.  (ECF No. 31 at 5.)  Thus, CDCR is an indispensable party

20   and plaintiff's claims should be added to the original complaint rather than brought as a separate

21   action in the interest of judicial economy and convenience and would not prejudice either

22   defendant.  (ECF No. 31 at 5.)

23           Defendant CDCR's Opposition

24           In opposition, defendant CDCR argues the following.  Plaintiff's proposed amended

25   complaint does not allege a federal cause of action and there is no diversity jurisdiction.  Plaintiff

26   was not diligent in seeking leave to amend, failing to act promptly after plaintiff's May 2022

27   deposition, or after the June 10, 2022 recommendations that the CDCR be dismissed, and then

28   ////

1    waiting yet another 90 days after the district court adopted the findings and recommendations to

2    file the motion to amend.

3           Undue delay is demonstrated by the record where plaintiff failed to object to the findings

4    and recommendations, thus acquiescing to the recommendations.  Plaintiff's claim that new facts

5    came to light during plaintiff's deposition is unavailing because plaintiff testified as to facts

6    within his own memory.  Owens v. Bank of Am., N.A., 2013 WL 5955338, at *2 (N.D. Cal. Nov.

7    6, 2013) ("Plaintiffs offer no reason that these allegations, uniquely within their own knowledge,

8    could not have been made previously, had they acted with diligence.").  (ECF No. 32 at 4.)  But

9    even assuming plaintiff learned new facts from his own testimony, the deposition was held May

10   20, 2022, yet plaintiff did not file the instant motion until December 8, 2022.  Plaintiff failed to

11   timely seek leave to amend after defendant responded to plaintiff's meet and confer efforts in

12   August of 2022.

13          Moreover, in the motion, plaintiff provided no specific facts, failed to provide an affidavit

14   or declaration demonstrating hardship or other circumstances that prevented plaintiff or his

15   attorney from earlier moving to amend, and failed to demonstrate by admissible evidence that

16   such "new facts" justified amending the complaint.  Discovery closed on June 18, 2022 [sic] and

17   if plaintiff is granted leave to amend, plaintiff will likely seek to conduct discovery, including

18   depositions of CDCR employees, which were identified in medical records produced to plaintiff

19   in 2021.  (ECF No. 32 at 6.)  But plaintiff sought no depositions or other discovery after the

20   alleged "new" facts were discovered in May of 2022.  Reopening discovery will further delay

21   these proceedings, based on medical treatment in 2019, almost four years ago, further prejudicing

22   defendant CDCR.

23          Finally, as to CDCR, the only cause of action dismissed without prejudice arose from

24   California state law, and the proposed amended complaint only alleges a single state law cause of

25   action.  To the extent plaintiff asks the court to retain supplemental jurisdiction over the

26   remaining state law cause of action (which plaintiff did not seek in his motion), the court should

27   decline to do so because the amended complaint no longer has a basis for federal court

28   jurisdiction.  (ECF No. 32 at 8) (citing ECF Nos. 28 & 30).  Further, the amended complaint

7

presents complex issues of state law because defendant CDCR contends plaintiff failed to timely

comply with the California Government Claims Act;[2] there are multiple statute of limitation bars

that the CDCR will assert in a summary judgment motion in response to plaintiff's state law

claim, and plaintiff's "new facts" will support such limitations jurisdictional bar; and the

evaluation of public agency documents as well as time limits presented in California statutes and

legal authorities will present a unique issue of state law as applied to the facts of this case.  The

CDCR intends to assert appropriate immunity defenses provided by the Government Claims Act

requiring interpretation of California case law as applied to the facts of this case.  (ECF No. 32 at

8.)  Further, the sole state tort liability cause of action against the CDCR predominates because no

federal law cause of action is asserted against the CDCR.  Moreover, declining to exercise

supplemental jurisdiction will not prejudice plaintiff because no trial date has yet been set, and

the proposed new state law claim has not been the subject of significant litigation in this case.

Thus, judicial economy does not weigh in favor of exercising supplemental jurisdiction.  Also,

convenience and fairness do not weigh in favor because state courts are equally convenient for

and available to plaintiff to litigate his state law claims.  (ECF No. 32 at 9.)

    Because plaintiff's motion to amend is untimely, asserts no basis for the delay, and

because the court dismissed all original claims against the CDCR that the court had jurisdiction

over, and declining to exercise supplemental jurisdiction will not prejudice plaintiff, defendant

CDCR asks the court to deny plaintiff's motion.

    Plaintiff's Reply

    Plaintiff counters that the court should maintain jurisdiction over the state law claim

because the balance of factors weighs heavily in support, arguing as follows.

    First, judicial economy weighs in favor because plaintiff is ready for trial, discovery is

closed, and there will be no modification of the discovery plan.  Plaintiff contends that

defendant's claim that plaintiff will seek to conduct discovery including to depose CDCR

---

[2]  In addressing the CDCR's motion for judgment on the pleadings, the undersigned declined to address this claim because it requires evaluation of Board of Control documents" not provided with the complaint and therefore such claim was more appropriately addressed on summary judgment.  (ECF No. 28 at 3 n.1.)

1    employees "are false assertions to confuse the court with mere possibilities," and thus does not

2    support the argument.  (ECF No. 33 at 4.)  Rather, judicial economy supports maintaining

3    jurisdiction because declining jurisdiction will require both parties to begin litigation anew, while

4    this action is at the trial stage.

5           Second, federal and state courts are not equally convenient for the parties.  Plaintiff is

6    incarcerated at Lancaster, California, and his counsel is in Sacramento.  Forcing plaintiff to start

7    over causes severe harm due to the lack of proximity to counsel and the difficulties related to

8    being incarcerated.  On the other hand, the CDCR is represented by a fully staffed team of state

9    attorneys.  "It is never convenient for an impoverished and injured inmate to start over in legal

10   proceedings especially in light that plaintiff is ready for trial in federal court."  (ECF No. 33 at 4-

11   5.)

12          Third, comity is equally weighted since both federal and state courts will recognize the

13   final ruling of each other.

14          Fourth, fairness does not exist for plaintiff because he is a Black man serving an 18 year

15   prison term who must now suffer a painful disability as a result of the CDCR's negligence.  If the

16   court declines jurisdiction, plaintiff will be forced to start the proceeding over again from his cell

17   and with limited resources and ability.  (ECF No. 33 at 6.)  Defendant is using its "staff of

18   attorneys to legally fight this case on technicalities rather than on the merits."  (ECF No. 33 at 5.)

19   "Basically, what they are stating is that in order to get rid of this injured inmate's claim, they

20   require that the federal court dismiss the federal court claims.  This requirement has been met

21   because the civil rights claims were dismissed "with prejudice" by the federal court.  This relates

22   to any and all federal court claims pursuant to section 1983 of Title 42 of the United States Code:

23   Civil action for Deprivation of Rights are lost to him," thus stripping plaintiff of the power to

24   enforce his Constitutional rights.  (ECF No. 33 at 6.)

25          Because plaintiff is now permanently disabled, his future employment opportunities are

26   diminished and his ability to live fully upon release is severely harmed.  Plaintiff also claims his

27   prison sentence is excessive, his family was detrimentally impacted by the sentencing, his

28   incarceration has deprived him of his ability to contribute to society, and he has missed much of

1    his child's life.  Further, he claims plaintiff is a true victim of systematic racism, particularly

2    where currently our country is releasing suspects charged with felony assault, robbery, arson and

3    other felonies on a no-cash bail system under the goal of equity, redress and reparations.  (ECF

4    No. 33 at 5.)

5         Fifth, there was no undue delay; the delay in seeking leave to amend was not purposeful

6    and was caused due to lack of proximity to counsel, the COVID-19 pandemic, and the

7    incarceration of plaintiff.  Plaintiff is ready for trial.  Further, defendant is not prejudiced by the

8    timing because the CDCR is represented by the Attorney General, with an office full of

9    associates, and thus the justified delays caused no harm to defendant.

10        Further, the issues are not novel or complex state court issues but rather based solely on a

11   simple negligence claim that the CDCR did not follow the medical instructions of Dr. Lameer to

12   remove the bandage, but rather left it in allowing an infection to develop, resulting in permanent

13   injury to the plaintiff.  (ECF No. 33 at 8.)

14        Finally, because both parties are ready for trial, dismissal would prejudice plaintiff.

15   Plaintiff would need to find state counsel and would be severely prejudiced because the progress

16   made in this case would be lost.  This court has the power to make a judgment on the merits more

17   quickly.

18        Plaintiff's contends his motion was timely, exercising supplemental jurisdiction is proper,

19   and declining such jurisdiction will prejudice plaintiff.

20   Discussion

21        Plaintiff's motion seeks to supplement the original complaint with the proposed amended

22   complaint, Fed. R. Civ. P. 15(d), which would allow plaintiff to pursue his putative new state law

23   negligence claims against CDCR and Dr. Lameer raised in the proposed amended complaint,

24   along with the federal civil rights and state law claims against Dr. Lameer, based on facts

25   allegedly learned during plaintiff's deposition.  However, plaintiff's motion does not clearly

26   identify the facts purportedly not learned until plaintiff's deposition.[3]  And plaintiff identifies no

27   _____

28   [3]  Indeed, plaintiff seeks to amend to pursue a negligence claim based on the CDCR's failure to
     perform mandatory duties of changing the wound dressing and did not remove the wound

                                          10

1   facts or causes of action that took place <u>after</u> the September 3, 2020 filing of this action, as

2   required by Rule 15(d).  Indeed, plaintiff's putative negligence claims are again based on

3   California Government Code sections 815.2 and 820(a).  (Compare ECF No. 1 at 11 to ECF No.

4   31-1 at 24.)  The proposed amended complaint sets forth no facts or alleged violations occurring

5   after September 3, 2020.  Plaintiff cites no legal authorities for his view that he should be

6   permitted to supplement his pleading based on facts learned from plaintiff's own recollection

7   during his deposition in May of 2022, or that he is entitled to supplement his pleadings under

8   Rule 15(d) where the alleged new facts did not occur after the date the original complaint was

9   filed.

10          While the undersigned finds no bad faith or dilatory motive on the part of plaintiff, or

11  repeated failure of previous amendments, plaintiff's motion to amend to supplement the original

12  complaint should be denied.  "Relevant to evaluating the delay issue is whether the moving party

13  knew or should have known the facts and theories raised by the amendment in the original

14  pleading."  <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990).  Review of the

15  original complaint demonstrates that plaintiff was aware of the underlying facts concerning the

16  failure to comply with the surgeon's orders at the time the complaint was filed on September 3,

17  2020.  (ECF No. 1 at 7 ¶¶ 30, 32.)  Defendant contends that plaintiff learned the identities of the

18  prison staff who failed to comply when CDCR provided plaintiff's medical records through

19  discovery in May of 2022; however, plaintiff does not move to amend to name prison staff as

20  defendants, as was authorized by the September 7, 2022 district court's order.  In addition,

21  plaintiff's vague statement that the medical treatment ordered by defendant Dr. Lameer was

22  "over-written by defendant CDCR" is insufficient because it does not specifically identify what

23  facts or theories were gleaned from plaintiff's deposition that counsel believes warrants the

24  ////

25  

26  dressing as ordered by Dr. Lameer.  (ECF No. 31-1 at 3.)  But in the original complaint, plaintiff
    alleges that "[d]uring plaintiff's confinement in the prison infirmary, the Defendants failed to
27  comply with the surgeon's orders to change the sponge in the hole every three days," but "[t]he
    sponge and wound dressing were not changed in over ten days, and he was left to bleed in his
28  cell."  (ECF No. 1 at 7 ¶¶ 30, 32.)

1    amendment.  Plaintiff now refers to "continuing medical malpractice" (ECF No. 31-1 at 8) but

2    fails to demonstrate such cause of action did not exist on September 3, 2020.

3         Further, plaintiff fails to justify the delay in bringing the motion with specific facts,

4    instead relying generally on plaintiff's incarceration and the COVID-19 pandemic.  Plaintiff

5    provided no declaration or affidavit attesting to such "new" facts.  Discovery closed on

6    September 15, 2022, but plaintiff did not bring his motion to amend until December 8, 2022,

7    three months after the CDCR was dismissed from this action.

8         Finally, defendant would be prejudiced by the amendment.  While CDCR was previously

9    a defendant in this action, defendant CDCR would be prejudiced by the amendment because the

10   CDCR would have to prepare a defense to plaintiff's different factual theory of liability, and

11   likely would require additional discovery, despite plaintiff's view that no additional discovery is

12   required.  At this point, only plaintiff's deposition has been taken.  As argued by defendant, "[a]

13   need to reopen discovery and therefore delay the proceedings supports a district court's finding of

14   prejudice from a delayed motion to amend the complaint."  Coleman v. Quaker Oats Co., 232

15   F.3d 1271, 1295 (9th Cir. 2000) (citation omitted).

16        For all of the above reasons, the undersigned recommends that plaintiff's motion under

17   Rule 15(d) of the Federal Rules of Civil Procedure be denied.

18   VII.  Leave to Amend

19        Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely

20   given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate

21   decisions on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d

22   1122, 1127 (9th Cir. 2000) (*en banc*) (alterations and internal quotation marks omitted).  When

23   dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend

24   even if no request to amend the pleading was made, unless it determines that the pleading could

25   not possibly be cured by the allegation of other facts."  Id. at 1130 (internal quotation marks

26   omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment

27   would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party

28   has acted in bad faith.  Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d 522, 532 (9th Cir. 2008).

1          Here, plaintiff was previously granted leave to amend plaintiff's first claim should

2     plaintiff be able to allege facts or adduce evidence against a specific CDCR employee that would

3     meet the exception under California Government Code § 845.6, as discussed above.[4]  See Jett v.

4     Penner, 439 F.3d 1091, 1099 (9th Cir. 2006).  Plaintiff's motion was not brought under this

5     exception;[5] rather, plaintiff sought leave to amend to again raise medical malpractice state law

6     claims against the CDCR under Cal. Govt. Code § 815.2 and § 820, subd. (a), despite the finding

7     that, absent a statutory exception, the CDCR, a public entity, is immune from liability for an

8     injury to "any prisoner," including plaintiff."  (ECF No. 28 at 5.)  In the motion, plaintiff made no

9     effort to explain how the proposed amended complaint complies with the September 7, 2022

10    order or meets a pertinent state law exception.

11         Moreover, since the motion to amend was filed, it appears that plaintiff and defendant Dr.

12    Lameer have reached a tentative confidential settlement, and because defendant CDCR would not

13    stipulate to the good-faith nature of such settlement, defendant Dr. Lameer moved for

14    determination of good faith settlement by the court.  (ECF Nos. 34, 36.)  Defendant Lameer's

15    counsel declares that CDCR's counsel indicated CDCR would not object to a motion for good

16    faith determination.  (ECF Nos. 34-1 at 3 ¶ 10; 36-1 at 3 ¶ 10.)

---

17    [4]  By these findings and recommendations, the undersigned makes no findings or representations
18    that such putative state law claim would not be subject to dismissal as untimely.

19    [5]  Plaintiff did not amend to raise deliberate indifference claims against the prison staff who
      purportedly refused or failed to timely change plaintiff's bandages.  In the proposed amended
20    complaint, plaintiff alleges that Nurse Hammer, Nurse Towels, and Nurse McPaul made the
      medical decision to not follow and comply with the specific instructions prescribed by Dr.
21    Lameer which provided that plaintiff's dressing was to be changed every two days.  (ECF No. 31-
      1 at 21 ¶ 111) (emphasis added).  As a result of their decision not to follow Dr. Lameer's orders,
22    the sponge fused to plaintiff's bone and caused further physical damages.  (Id. at ¶ 112.)
23       Plaintiff also alleges that after the April 5, 2019 surgery, the surgeon ordered that the sponge
      stuffed into the hole in plaintiff's leg be changed every three days, which was not followed while
24    he was confined in the prison infirmary and defendants failed to comply with such orders,
      through April 15, 2019, when plaintiff returned to see Dr. Lameer.  (Id. at 13, 16 ¶ 61, 75
25    (emphasis added).)
26       Plaintiff also did not seek leave to amend to raise a deliberate indifference claim against
      Corrections Officer Butler, who plaintiff alleges "refused to recognize plaintiff's medical
27    emergency on March 19, 2019."  (ECF No. 31-1 at 11 ¶ 47.)  Refusing to activate his alarm,
      plaintiff alleges that Butler "teased plaintiff, called him inappropriate names, and refused to
28    provide [or] allow medical attention and treatment."  (Id. at 17 ¶ 83.)

1    Therefore, in an abundance of caution, the undersigned finds that plaintiff should be

2    provided an additional opportunity to file an amended complaint.  Plaintiff shall notify the court,

3    within thirty days from the date of any district court order adopting these findings and

4    recommendations, whether or not he intends to renew the motion to amend and, if he does intend

5    to renew the motion, shall also file the renewed motion to amend and proposed amended

6    complaint.

7    In light of this order, defendant Lameer's motion for determination of good faith

8    settlement is vacated until after plaintiff elects whether or not to renew his motion to amend.  In

9    other words, defendant Lameer may re-notice the motion for determination of good faith

10   settlement within thirty days after plaintiff files his notice regarding amendment, and such motion

11   shall be noticed for hearing before the undersigned.

12   VIII.  Conclusion

13   Accordingly, IT IS HEREBY ORDERED that defendant Lameer's motion for

14   determination of good faith settlement (ECF Nos. 34 & 36) is vacated without prejudice to

15   renewal as set forth above; the June 27, 2023 hearing before the undersigned is vacated; and

16   IT IS RECOMMENDED that:

17   1.  Plaintiff's motion to amend to supplement his complaint under Rule 15(d) (ECF No.

18       31) should be denied; and

19   2.  Plaintiff be granted thirty days in which to notify the court whether he intends to

20       renew his motion to amend; if he chooses to amend, the notice should be accompanied

21       by the renewed motion to amend and proposed amended complaint.

22   These findings and recommendations are submitted to the United States District Judge

23   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24   after being served with these findings and recommendations, any party may file written

25   objections with the court and serve a copy on all parties.  Such a document should be captioned

26   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

27   objections shall be filed and served within fourteen days after service of the objections.  The

28   ////

14

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 16, 2023

_____

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cook1780.mtar

15