UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN EDWARD COOKS,<br><br>         Plaintiff,<br><br>    v.<br><br>STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>         Defendants. | No.  2:20-cv-1780 DAD KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding through counsel. The following motions are before the court: plaintiff's renewed motion to amend and defendant Lameer's motion for good faith settlement as to Dr. Lameer. As set forth below, it is recommended that plaintiff's motion to amend be denied, and plaintiff's motion for good faith settlement be granted. In addition, it is recommended that if the district court adopts such recommendations, this action be dismissed.

Background

On September 3, 2020, counsel filed this action on behalf of plaintiff. Plaintiff's original complaint alleges that:

> On January 26, 2018, plaintiff broke his leg; defendant Dr. Lameer performed surgery, inserting a metal plate and five screws ("the hardware"). Although the bone healed, plaintiff continued to suffer extreme pain; on March 19, 2019, Dr. Lameer surgically removed the hardware without first obtaining an MRI. About three hours post-

1

| | |
|---|---|
| 1 | surgery, plaintiff's leg began bleeding profusely and he was rushed to the emergency room.  Plaintiff lost about three pints of blood before the bleeding subsided and he was returned to his prison cell.  From March 19, 2019, to April 2, 2019, plaintiff's leg continued bleeding, he remained in extreme pain, and was denied emergency care by correctional officers.  On April 2, 2019, plaintiff was returned to Dr. Lameer to have the staples removed.  However, due to the continued bleeding, plaintiff's skin on his leg had softened, rendering the staples ineffective; two staples had ripped through the soft tissue, resulting in a gaping hole in his leg down to the bone ("hole").  Dr. Lameer ordered emergency surgery, which was performed on April 5, 2019.  Post-surgery, plaintiff was housed at the prison infirmary for seven weeks and given IV antibiotics.  During such housing, defendants failed to comply with Dr. Lameer's orders to change the sponge in the hole every three days, but rather the sponge and wound dressing were not changed in over ten days.  On April 15, 2019, plaintiff saw Dr. Lameer, who forced the removal of the fetid sponge, without sedation, but Dr. Lameer was only able to remove 80% of the sponge, which had fused to plaintiff's flesh and bone, requiring additional surgery.  Surgery was not performed until April 17, 2019.  Dr. Lameer ordered a total of five surgeries on plaintiff within a thirty-three day period.  Subsequently, plaintiff was provided an MRI, revealing a completely severed meniscus which caused the meniscus and knee socket to become degenerative.  Further surgery will be required to correct the damage to his leg and knee, including but not limited to a prosthetic knee. |

(ECF No. 28 at 1-2, citing ECF No. 1.)  Plaintiff named as defendants the California Department of Corrections and Rehabilitation ("CDCR"), Dr. Mohamed Z. Lameer, and DOES 1-50.

The undersigned screened the complaint and found that plaintiff stated potentially cognizable Eighth Amendment and state law claims against defendants CDCR and Dr. Lameer.  (ECF No. 4.)  Defendant CDCR filed an answer on June 28, 2021.  Defendant Dr. Lameer filed an answer on December 1, 2021.

On December 10, 2021, the undersigned issued a discovery and scheduling order.  (ECF No. 19.)  On January 5, 2022, defendant CDCR filed a motion for judgment on the pleadings.

On April 18, 2022, and June 9, 2022, the discovery and scheduling order was modified.  (ECF Nos. 25, 27.)  On April 26, 2022, CDCR served plaintiff's medical records in CDCR's possession.  (ECF No. 32-1 at 2.)  Plaintiff was deposed on May 22, 2022.  (ECF No. 45-1 at 2.)

On June 10, 2022, it was recommended that defendant CDCR's motion for judgment on the pleadings be partially granted, and that plaintiff be granted leave to amend as to his first cause

////

of action.  (ECF No. 28.)  In the findings and recommendations, the undersigned addressed the issue of amendment:

> Here, plaintiff cannot amend the complaint to state a federal civil rights claim against the CDCR because of sovereign immunity, and plaintiff cannot amend his second cause of action as to the CDCR based on California Evidence Code § 669. Finally, the CDCR is immune from tort liability including plaintiff's medical malpractice claims, as alleged in the original complaint.  However, in an abundance of caution, the dismissal of plaintiff's first claim should be without prejudice to plaintiff seeking leave to amend should plaintiff be able to allege facts or adduce evidence <u>against a specific CDCR employee</u> that would meet the narrow exception under California Government Code § 845.6, as discussed above.[FN4]
>
> [FN4:  By these findings and recommendations, the undersigned makes no findings or representations that such putative state law claim would not be subject to dismissal as untimely. Thus, in addition to carefully reviewing the facts and evidence to determine whether plaintiff can meet the narrow exception provided in § 845.6, plaintiff should consider the issue of timeliness before seeking leave to amend.]

(ECF No. 28 at 10) (emphasis added).

Plaintiff did not file objections.  On September 7, 2022, the district court adopted the findings and recommendations in full; as to defendant CDCR, plaintiff's first cause of action was dismissed without prejudice, and plaintiff's second, third and fourth causes of action were dismissed with prejudice.  (ECF No. 30.)

Following modifications of the discovery and scheduling order, discovery closed on September 15, 2022.  (ECF No. 27.)  The most recent modification of the discovery and scheduling order was based on the parties' stipulation that "more time was required to take the depositions of previous undisclosed witnesses identified by plaintiff at his deposition." (ECF No. 26 at 2.)  No other depositions have taken place.  (ECF No. 27; 45 at 7.)

Plaintiff filed a motion to amend, and on May 17, 2023, the undersigned recommended that plaintiff's motion to amend be denied.  (ECF No. 37.)  On August 8, 2023, the district court adopted the findings and recommendations in full, noting that:

> the magistrate judge determined that plaintiff had failed to present any facts or legal authority establishing his entitlement to relief under Rule 15(d) in connection with his attempt to add new state law negligence claims against defendant Dr. Lameer and the previously dismissed defendant, CDCR. (<u>Id.</u> at 10-12.)  In addition, the

3

> magistrate judge concluded that plaintiff's proposed amendment was not appropriate under Rule 15(a) of the Federal Rules of Civil Procedure because plaintiff's counsel had made no attempt to explain how the proposed amendment was compliant with the specific direction provided in this court's prior orders. (See Doc. Nos. 28 at 5; 30.)

(ECF No. 40 at 1-2.) Plaintiff was granted thirty days to notify the court whether he intended to attempt to amend again.

On October 17, 2023, plaintiff renewed the motion to amend, accompanied by his proposed second amended complaint. (ECF No. 42). Defendant CDCR filed an opposition to the motion and provided a declaration by counsel. (ECF Nos. 45, 45-1.) Plaintiff did not file a reply.

On November 1, 2023, defendant Dr. Lameer filed a motion for determination of good faith settlement. (ECF No. 43.) No opposition was filed, and on December 29, 2023, defendant Dr. Lameer filed a notice of such non-opposition. (ECF No. 46.)

Motion to Amend

At present, this action proceeds solely on plaintiff's Eighth Amendment and state law claims against defendant Dr. Lameer. Plaintiff renews his motion to amend his first cause of action as to defendant CDCR, but also includes the second, third and fourth causes of action from his original complaint.

Governing Legal Standards

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Id. Federal Rule of Civil Procedure 15(d) provides for supplemental pleadings as follows:

////

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed." Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010) (citing Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998) (per curiam)). "New claims, parties, and allegations regarding events that occurred after the original complaint are properly raised in a Rule 15(d) motion." Rovai v. Select Portfolio Servicing, Inc., 2019 WL 1779586, at *3 (S.D. Cal. Apr. 23, 2019); accord Lyon v. U.S. Immigr. & Customs Enf't, 308 F.R.D. 203, 214 (N.D. Cal. 2015). "Yet, '[s]ome relationship must exist between the newly alleged matters and the subject of the original action' in order for a party to rely on Rule 15(d)." Rovai, 2019 WL 1779586, at *3 (quoting Keith v. Volpe, 858 F.2d 467, 473 (9th Cir. 1988)).

"In deciding whether to permit a supplemental pleading, a court's focus is on judicial efficiency." Doe v. Butte County Probation Dep't, 2022 WL 705616, at *2 (E.D. Cal. March 9, 2022) (quoting Yates v. Auto City 76, 299 F.R.D. 611, 613 (N.D. Cal. 2013). The use of supplemental pleadings is "favored" because it permits a court to award complete relief "in one action to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." Keith, 858 F.2d at 473 (quoting New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963), cert. denied, 367 U.S. 963 (1964)); Yates, 299 F.R.D. at 613 (citation omitted)). However, even though supplemental proceedings are "favored," they "cannot be used to introduce a separate, distinct, and new cause of action." Yates, 299 F.R.D. at 613 (citation omitted). Rather, matters newly alleged in a supplemental complaint must have "some relation to the claims set forth in the original pleading." Id. (quoting Keith, 858 F.2d at 474).

"The legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as the standard for granting or denying a motion under Rule 15(a)." Yates, 299 F.R.D. at 614. Typically, courts apply the five Foman factors to Rule 15(d) motions: (1) undue delay;

(2) bad faith or dilatory motive on the part of the movant; (3) repeated failure of previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.  Id. (citing Lyon, 308 F.R.D. at 214 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Factors such as prejudice to the defendant, laches, or futility may weigh against allowing a supplemental pleading.  Keith, 858 F.2d at 474-75.

Plaintiff's Original Complaint

> On January 26, 2018, plaintiff broke his leg; defendant Dr. Lameer performed surgery, inserting a metal plate and five screws ("the hardware").  Although the bone healed, plaintiff continued to suffer extreme pain; on March 19, 2019, Dr. Lameer surgically removed the hardware without first obtaining an MRI.  About three hours post-surgery, plaintiff's leg began bleeding profusely and he was rushed to the emergency room.  Plaintiff lost about three pints of blood before the bleeding subsided and he was returned to his prison cell.  From March 19, 2019, to April 2, 2019, plaintiff's leg continued bleeding, he remained in extreme pain, and was denied emergency care by correctional officers.  On April 2, 2019, plaintiff was returned to Dr. Lameer to have the staples removed.  However, due to the continued bleeding, plaintiff's skin on his leg had softened, rendering the staples ineffective; two staples had ripped through the soft tissue, resulting in a gaping hole in his leg down to the bone ("hole").  Dr. Lameer ordered emergency surgery, which was performed on April 5, 2019.  Post-surgery, plaintiff was housed at the prison infirmary for seven weeks and given IV antibiotics.  During such housing, defendants failed to comply with Dr. Lameer's orders to change the sponge in the hole every three days, but rather the sponge and wound dressing were not changed in over ten days.  On April 15, 2019, plaintiff saw Dr. Lameer, who forced the removal of the fetid sponge, without sedation, but Dr. Lameer was only able to remove 80% of the sponge, which had fused to plaintiff's flesh and bone, requiring additional surgery.  Surgery was not performed until April 17, 2019.  Dr. Lameer ordered a total of five surgeries on plaintiff within a thirty-three day period.  Subsequently, plaintiff was provided an MRI, revealing a completely-severed meniscus which caused the meniscus and knee socket to become degenerative.  Further surgery will be required to correct the damage to his leg and knee, including but not limited to a prosthetic knee.

(ECF No. 28 at 1-2, citing ECF No. 1.)

Plaintiff's Proposed Amended Pleading

In his proposed second amended complaint, plaintiff adds claims that the CDCR failed to perform mandatory duties of "changing the wound dressing and did not remove the wound dressing as ordered by Dr. Lameer that resulted in the permanent physical disabilities of plaintiff, by way of medical malpractice by agents of defendant CDCR and/or defendant Mohamed Z.

6

Lameer, resulting [in] seven (7) surgeries, thus far." (ECF No. 42-2 at 3.) Plaintiff contends that the CDCR is a public entity responsible for providing health care services for California state prisoners. (ECF No. 42-2 at 4.) Plaintiff claims all defendants were responsible for providing all services, including medical and non-medical, to plaintiff, and each defendant has a duty to use sterile equipment and dressing for wound care, by changing and removing old dressings and sponges pursuant to Dr. Lameer's recommendations. (Id. at 6-7.) Defendants were

> negligent in the following of Dr. Lameer's treatment by failing [to] follow reasonable medical treatment of a serious medical need, and should [sic] a deliberate indifference by not properly caring for the wound, failing to timely change the dressings, thereby causing the "sponge" to fusion [sic] to the plaintiff's bone, and defendant did not follow the recommendations by the CCHCS Statewide Wound Team on 4/29/0219 [sic].

(ECF No. 42-2 at 8.) Plaintiff argues that the medical malpractice is continuing and includes more details concerning the medical care and failures to provide medical care. (ECF No. 42-2 at 7-24.) In the first cause of action, plaintiff again brings a general negligence - medical malpractice claim under California Government Code §§ 815.2 and 820, subd. (a) against defendants CDCR and Dr. Lameer. Plaintiff claims their actions and omissions were not the result of the exercise of discretion because they "are not vested with discretion to contravene federal or state law, including § 8 U.S.C. § 1382(a), California Health and Safety Code section 11369, and California Government Code section 7282.5." (ECF No. 42-2 at 25.) Such defendants' wrongful acts and omissions failed to meet a reasonable standard of care, "including but not limited to the proper changing of dressings, removal of old and infected dressings, and precautionary measures to prevent the adhesion of sponges to the bone." (Id.) Plaintiff again names the CDCR and Dr. Lameer as defendants.[1] (ECF No. 42-2 at 4-8.)

Plaintiff repeats his second, third and fourth causes of action contained in the original complaint, but he appears to seek leave to amend solely as to the first cause of action.

////

---

[1] Plaintiff included DOES 1-50 as defendants in the caption of his amended pleading, but they are not included in the defendants' section of the pleading.

Discussion

First, plaintiff fails to plead facts demonstrating that his claims against defendant CDCR fall under California Government Code section 845.6.  Plaintiff was initially granted leave to amend the first cause of action "should plaintiff be able to allege facts or adduce evidence against a specific CDCR employee that would meet the narrow exception under California Government Code § 845.6."  (ECF No. 28 at 6; see also ECF No. 37 at 13.)  Plaintiff's renewed motion was not brought under such exception.  Instead, plaintiff, a state prisoner, seeks leave to amend to again raise medical malpractice state law claims against defendant CDCR, a public entity, under Cal. Govt. Code § 815.2 and § 820, subd. (a), despite the court's prior finding that, absent a statutory exception, the CDCR, a public entity, is immune from liability for an injury to "any prisoner," including plaintiff.  (ECF No. 28 at 5) (citing Cal. Gov. Code section 844.6 which precludes liability from being imposed against CDCR for any injury to a state prisoner.)[2]  In the renewed motion, plaintiff names no public employee as a defendant and made no effort to explain how the proposed second amended complaint complies with the September 7, 2022 order or meets a pertinent state law exception as to defendant CDCR.  Thus, the motion should be denied.

Second, as discussed next, plaintiff fails to demonstrate that his proposed second amended complaint warrants amendment under Rule 15.

Repeated failure of previous amendments (Foman factor three)

As argued by defendant CDCR, plaintiff's renewed motion to amend and proposed second

---

[2] California Government Code section 844.6 provides that a public entity is not liable for an injury to any prisoner, except as provided in sections 845.6 (and other sections of the Government Code and Title 2.1 (commencing with Section 3500) of Part 3 of the Penal Code not relevant here). "Public entities in California are not liable for tortious injury unless liability is imposed by statute." Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1069, 151 Cal. Rptr. 3d 648, 662 (2013), citing Cal. Gov. Code section 815. Here, plaintiff identifies no specific statutory liability, but rather relies on a general negligence standard. Moreover, "[a]lthough a public entity may be vicariously liable for the acts and omissions of its employees, that rule does not apply in the case of injuries to prisoners." Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1383 (2020). "It is clear that the State is not vicariously liable for the medical malpractice of its employees. . . . Although the State is required to pay the judgment assessed against its employees for medical malpractice committed against a prisoner, the State is immune from suit directly." Flores v. Natividad Medical Center, 192 Cal. App. 3d 1106, 1115, 238 Cal. Rptr. 24 (1987) (citations omitted).

amended complaint are largely duplicative of plaintiff's first motion to amend and first amended complaint.  (Compare ECF No. 31 to ECF No. 42.)  Both motions to amend are based on Rules 15(a), 15(d), and 19 of the Federal Rules of Civil Procedure; both motions refer to new facts that "related" to plaintiff's deposition: "This deposition gave rise to new facts that were unknown at the time the original complaint was filed, and that the cause of action for malpractice continued, as did Plaintiff's attempts for administrative remedies, through April 2, 2020."  (ECF Nos. 31 at 3; 42 at 3.)

Importantly, plaintiff again fails to identify what new facts were allegedly learned during plaintiff's deposition, despite this court's prior findings and recommendations (ECF No. 37).  The court set forth the five Foman factors required to evaluate a motion to amend, yet plaintiff's motion failed to address such factors, including the deficiencies identified in the court's prior findings.  Indeed, aside from arguing that leave to amend should be freely given, plaintiff's sole argument is:  "The new facts that relate to the original complaint, claim number one, came to light in the May 20, 2022 deposition of the Plaintiff, whom has been and continues to be in the custody of Defendant CDCR."  (ECF No. 42 at 5.)  Such argument is insufficient to meet either Rule 15(a) or Rule 15(d).  See Yates, 299 F.R.D. at 614; see also ECF No. 37 at 10-12.  Plaintiff's failure to specifically identify the alleged "new" facts revealed during plaintiff's deposition is insufficient to rebut that plaintiff was aware, at the time he filed this action, that prison staff allegedly failed to change plaintiff's wound dressing in contravention of Dr. Lameer's orders.[3]  (ECF No. 37 at 10-11 n.3.)  Plaintiff provides no declaration explaining how the alleged new facts support the proposed second amended complaint.

////

---

[3]  Just as he did in his prior motion to amend (ECF No. 31-1 at 3), plaintiff again seeks to amend to pursue a general negligence claim based on the CDCR's failure to perform mandatory duties of changing the wound dressing and did not remove the wound dressing as ordered by Dr. Lameer.  (Compare ECF No. 31-1 at 3 to ECF No. 42-2 at 3.)  However, in his original complaint, plaintiff alleges that "[d]uring plaintiff's confinement in the prison infirmary, the Defendants failed to comply with the surgeon's orders to change the sponge in the hole every three days," but "[t]he sponge and wound dressing were not changed in over ten days, and he was left to bleed in his cell."  (ECF No. 1 at 7 ¶¶ 30, 32.)

Further, plaintiff again provides no legal authorities demonstrating that he should be permitted to supplement his pleading based on facts learned from plaintiff's testimony at his own deposition, or that he is entitled to supplement his pleadings under Rule 15(d) where the alleged new facts did not occur after the date the original complaint was filed.  Indeed, Rule 15(d) permits a supplemental pleading "setting out any transaction, occurrence, or event that happened <u>after</u> the date of the pleading to be supplemented."  Fed. R. Civ. P. 15(d) (emphasis added.)  "Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."  <u>Eid v. Alaska Airlines, Inc.</u>, 621 F.3d 858, 874 (9th Cir. 2010); <u>Rovai v. Select Portfolio Servicing, Inc.</u>, 2019 WL 1779586, at *3 (S.D. Apr. 23, 2019) ("New claims, parties, and allegations regarding events that occurred after the original complaint are properly raised in a Rule 15(d) motion.") (internal quotation and citations omitted).  Most of the changes included in plaintiff's proposed second amended complaint are additional facts concerning the medical care provided to plaintiff and his efforts to exhaust administrative remedies through April 2, 2020.  (<u>Compare</u> ECF No. 1 (original complaint) to ECF No. 42-2 (adding ¶¶ 16-18; 24-25; 27; 29-36; 40-41; 47-55; 58; 60; 63-66; 69-74; & 99-93).)  But none of the new facts occurred after this action was filed on September 3, 2020, and such facts are largely the same facts plaintiff attempted to add in his first amended complaint.  (<u>Compare</u> ECF No. 31-1 to 42-2.)

<u>Motive and Undue Delay</u> (<u>Foman</u> factors one and two)

While the record does not demonstrate plaintiff is acting in bad faith or with an intent to delay, there has been a serious delay given that plaintiff's deposition was taken in May of 2022.  "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990).  The original complaint demonstrates that plaintiff was aware of the underlying facts concerning the failure to comply with the surgeon's orders at the time the complaint was filed on September 3, 2020.  (ECF No. 1 at 7 ¶¶ 30, 32.)  While plaintiff learned the identities of the prison staff who failed to comply with Dr. Lameer's orders when CDCR provided plaintiff's medical records through discovery in May of 2022, plaintiff

again did not move to amend to name prison staff as defendants, as was authorized by the court's prior orders. (ECF Nos. 30, 40.) Plaintiff does not identify specific facts or theories allegedly learned from plaintiff's deposition that counsel believes warrants the amendment. Just as he did in his first amended complaint (ECF No. 31-1 at 8), plaintiff again refers to "continuing medical malpractice" but he again pleads general negligence - medical malpractice claims based on California Government Code sections 815.2 and 820(a). (Compare ECF No. 1 at 11 to ECF No. 42-2 at 24-26.)

To the extent plaintiff now argues that he is pleading a "continuing violation" based on continued incidents of medical malpractice, plaintiff fails to demonstrate such cause of action did not exist on September 3, 2020, the date this action was filed. Indeed, review of the facts alleged in the original complaint would suggest such a theory.

Further, plaintiff provided no declaration or affidavit attesting to how such new facts or general negligence theory warranted such lengthy delay. Discovery closed on September 15, 2022, but plaintiff did not bring his initial motion to amend until December 8, 2022, three months after the CDCR was dismissed from this action.

Prejudice to Defendant CDCR (Foman factor four)

The undersigned finds that defendant would be prejudiced by the amendment. Because it appears defendant CDCR is immune from plaintiff's medical malpractice claims, allowing such amendment would prejudice defendant. Also, no discovery has been conducted on any alleged new facts revealed at plaintiff's deposition in May of 2022. Indeed, only plaintiff's deposition has been taken to date. As argued by defendant, "[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000) (citation omitted). Plaintiff failed to reply to defendant CDCR's arguments as to prejudice and his motion does not address whether additional discovery would be required. Thus, the undersigned finds that defendant CDCR would be prejudiced by the proposed amendment.

////

////

Futility of Amendment (Foman factor five)

In light of the above, it appears it would be futile to allow plaintiff to amend his claims as to defendant CDCR.

Rule 19

Similarly, the undersigned cannot find that defendant CDCR is an indispensable party.

Second, Third and Fourth Causes of Action

Finally, in the proposed second amended complaint, plaintiff retained his second, third and fourth causes of action, despite the district court's order dismissing such causes of action with prejudice. (ECF No. 30.) Because such causes of action were dismissed with prejudice, the undersigned does not address such improperly renewed causes of action.

Conclusion

While plaintiff is correct that leave to amend should be freely given, plaintiff failed to demonstrate that an amendment as to defendant CDCR is appropriate or well-taken, particularly given such public entity has immunity from prisoner claims under California law, and plaintiff identified no applicable exception. Plaintiff also made no attempt to explain how the proposed amendment was compliant with the specific direction provided in this court's prior orders. Accordingly, the undersigned finds that the Foman factors weigh against permitting plaintiff to amend the complaint and recommends that plaintiff's motion to amend be denied without further leave to amend.

Motion for Remand

In the alternative, plaintiff asks the court to remand this action to state court, citing no legal authority. (ECF No. 42 at 1.) As argued by defendant CDCR, a case may be remanded to state court only if the action was removed to federal court in the first instance. 28 U.S.C. § 1447(c). Because plaintiff "filed this action in this Court -- not state court -- remand is not appropriate under 28 U.S.C. § 1447, which allows for remand only if a case has been removed from a state court." A. A. P. v. Sierra Plumas Joint Unified Sch. Dist., 2021 WL 5085181, at *2 (E.D. Cal. Aug. 31, 2021), citing see Pac. Gas & Elec. Co. v. Fibreboard Prod., Inc., 116 F. Supp.

////

377, 382 (N.D. Cal. 1953) ("[T]he statutory right to remand is limited to cases where jurisdiction was acquired by removal."). Plaintiff's motion for remand should also be denied.

Motion for Good Faith Settlement

Plaintiff and defendant Dr. Lameer have reached a confidential settlement, and because defendant CDCR would not stipulate to the good-faith nature of such settlement, defendant Dr. Lameer moved for determination of good faith settlement by the court. (ECF Nos. 34, 36.) Defendant CDCR did not oppose the motion.

Governing Standards

Under California law, "[w]here a release, dismissal with or without prejudice or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort . . . [i]t shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." Cal. Civ. Pro. § 877. As a check on the validity of settlement agreements that might affect joint tortfeasors not a party to the settlement, California law further requires the court to determine whether a settlement has been entered in good faith before that settlement can become final. See Cal. Civ. Proc. Code § 877.6. Section 877.6 allows a party to a proposed settlement to move the court for an order making such a determination.[4] See id. That section provides further that "[a] determination by the court that the settlement was made in good faith shall bar any other joint tortfeasor from any further claims against the settling tortfeasor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." See Cal. Civ. Proc. Code § 877.6(c).

A good faith settlement is one within "the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." Tech-Bilt, Inc. v. Woodward-Clyde & Assocs., 38 Cal.3d 488, 499 (1985). To determine whether a proposed

---

[4] Section 877.6 is a procedural statute, not a substantive statute, but the Ninth Circuit has determined that there is no federal procedural impediment to a district court's entertaining "a motion for an early determination of the good faith question," and thus such a motion can be properly brought before the court. Federal Savings and Loan Ins. Corp. v. Butler, 904 F.2d 505, 511 (9th Cir. 1990).

settlement fits that description, the court should consider:  (1) a rough approximation of the settlor's proportionate liability; (2) the amount of the settlement; (3) the fact that a settlor should pay less in settlement that the amount of damages for which the settlor would be liable at trial; (4) the financial condition of the settling defendant and insurance policy limits, if any; (5) allocation of the settlement proceeds among the plaintiffs; and (6) the existence or absence of any collusion, fraud or tortious conduct aimed to injure the interests of any non-settling defendants. Id. at 499-500.  The court assesses these factors "on the basis of the information available at the time of settlement." Id. at 499.

Ultimately, "a defendant's settlement figure must not be grossly disproportionate to what a reasonable person, at the time of the settlement, would estimate the settling defendant's liability to be." Torres v. Union Pacific R.R. Co., 157 Cal. App.3d 499, 509, Cal. Rptr. 825 (1984).  The court should approve even a contested settlement, unless there is a showing "that the settlement is so far out of the ballpark in relation to these factors to be inconsistent with the equitable objectives of the statute." Tech-Bilt, 38 Cal.3d at 499-500.  The burden of proving that a settlement between the parties was not made in good faith is on the non-settling tortfeasor. Cal. Civ. Pro. § 877.6(d).

Under current Ninth Circuit law, there is no federal right of indemnification or contribution on a claim arising under 42 U.S.C. § 1983. Hoa v. Riley, 78 F. Supp. 3d 1138, 1145-46 (N.D. Cal. 2015) (collecting cases).  And 42 U.S.C. § 1988 does not permit importing rights of contribution or indemnification on a § 1983 claim from state law. Hoa, 78 F. Supp. at 1147-48.  Therefore, when a court is assessing the reasonableness of a settlement that embraces both state-law negligence claims and § 1983 claims, it limits its analysis of potential contribution to the state-law claims. See, e.g., Frary v. Cnty. of Marin, 2015 WL 3776394, at *3 (N.D. Cal. June 16, 2015) (confining Tech-Bilt analysis to potential liability under negligence claims and excluding claims arising under § 1983).

Discussion

Here, no opposition or objection has been filed to the motion for good faith settlement determination.  Further, counsel for defendant Dr. Lameer submitted a declaration explaining that

counsel spoke with counsel for defendant CDCR and advised that a settlement had been reached between plaintiff and Dr. Lameer.  (ECF No. 43-1 at 3.)  Although CDCR's counsel would not agree to stipulate to the good faith nature of the settlement, CDCR counsel indicated that CDCR would not object to a motion for good faith determination.  (Id.)

Because there is no objection or opposition, there is no need for the Court to review the Tech-Bilt factors.  See Raisman v. United States Olympic Committee, 2018 WL 6112943, *2 (N.D. Cal. Nov. 21, 2018) ("In effect, the silence of the other Defendants speaks louder than a judicial evaluation of the Tech-Bilt factors."); City of Grand Terrace, 192 Cal. App.3d 1251, 1261, 238 Cal. Rptr. 119 (Ct. App. 1987).  The court finds that the declaration accompanying the motion for good faith settlement is sufficient.  Further, all parties are represented by competent counsel, who have chosen not to oppose the terms of the settlement and have not opposed the request that the Court deem the settlement to have been made in good faith.

Therefore, in the absence of any objection, and based on the existing record in this case, the Court concludes that the settlement reached between plaintiff and defendant Dr. Lameer was made in good faith and otherwise complies with § 877.6.  Defendant Dr. Lameer's motion should be granted.  Such good-faith settlement determination forever bars any other joint tortfeasor from asserting claims against defendant Dr. Lameer for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault.

Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities."  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted).

Here, plaintiff was granted two separate opportunities to amend.  Plaintiff was granted leave to amend plaintiff's first claim should plaintiff be able to allege facts or adduce evidence against a specific CDCR employee that would meet the exception under California Government

////

////

Code § 845.6.[5]  See Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006).  Plaintiff did not so move, and he did not move to name specific CDCR employees who might have violated plaintiff's Eighth Amendment rights in connection with the incidents at issue here.  Plaintiff has now reached a settlement with defendant Dr. Lameer, and if the district court adopts the instant findings and recommendations and denies the motion to amend, no other named defendant will remain.

Under these circumstances, the undersigned finds that it would be futile to grant plaintiff another opportunity to amend.

Dismissal

The Court may decline to exercise supplemental jurisdiction when it has dismissed the claims for which it had original jurisdiction.  28 U.S.C. § 1367(c)(3).  The relevant considerations when deciding whether to continue to exercise supplemental jurisdiction following dismissal of all federal claims are "judicial economy, convenience and fairness to litigants," and comity with state courts.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  These factors usually lead to dismissing the case without prejudice when no federal claims remain.  See Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994).

Defendant CDCR was granted judgment on the pleadings on plaintiff's Eighth Amendment claims based on sovereign immunity, and such claims were dismissed with prejudice because they cannot be cured by amendment.  (ECF No. 30.)  Thus, if the district court adopts the findings and recommendations that the motion for good faith settlement be granted, no federal cause of action will remain.

Further, if the above recommendations are adopted, no other named defendants remain. Plaintiff named DOES 1-50 as defendants, but plaintiff filed no motion to substitute a named individual and plaintiff's motions to amend did not seek any such substitution.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (because prisoner did not request

---

[5]  By these findings and recommendations, the undersigned makes no findings or representations as to the timeliness of such putative state law claims.

16

leave to add new parties or to file an amended complaint, he could not belatedly add new individuals following limited remand.)  The deadline for filing pretrial motions expired on December 8, 2022.  (ECF No. 27.)

Given that plaintiff was granted an opportunity to amend yet failed to move to add any new defendants or substitute any Doe defendant, this action should be dismissed, and any putative claims against such Doe defendants should be dismissed without prejudice.

Having carefully considered these factors, the undersigned recommends that if the district court adopts the above findings and recommendations, the court should also decline to exercise supplemental jurisdiction over plaintiff's putative state-law claims against DOES 1-50 and dismiss such putative state-law claims without prejudice.  Plaintiff remains free to re-file these claims in state court; and pursuant to § 1367(d), the statute of limitations with respect to these claims shall be tolled while this suit has been pending and for thirty days following entry of any district court order adopting the findings and recommendations, unless California law provides for a longer tolling period.

IX.  Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's renewed motion to amend (ECF No. 42) be denied;

2. Defendant Lameer's motion for determination of good faith settlement (ECF No. 43) be granted, and the district court order that such settlement shall bar any other joint tortfeasor or co-obligor from any claims against Dr. Lameer for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault;

3. The district court decline supplemental jurisdiction over any remaining state law claims;

4. Plaintiff's state law claims as to DOES 1-50 be dismissed without prejudice;

5. This action be terminated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 16, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cook1780.mta2